# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

STEVE C. CHADWICK                              *

Plaintiff                                      *

v                                              *          Civil Action No. RDB-16-4063

WARDEN                                         *

Defendant                                      *
                                            ***

## MEMORANDUM

Plaintiff supplemented the above-captioned Complaint pursuant to this Court's Order of December 28, 2016.  Plaintiff's Motion to Proceed in Forma Pauperis (ECF 5) shall be granted.

Although Plaintiff's original pleading referenced matters such as an alleged failure to provide psychiatric care and assaults by other inmates, the supplemental pleadings address only the removal of Plaintiff from his institutional job assignment.   ECF 4 and 6.   Specifically, Plaintiff claims that on January 26, 2017, he was removed from his job assignment for poor work performance and was removed from his single cell assignment.   He states that he needs an institutional job assignment because he gets no money from his family and that he held this job for 18 months.  Plaintiff appears to take issue with the rationale for his removal, but offers no evidence that the rationale for his removal was somehow improper.  ECF 4 at p. 3.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89,

94 (2007).  In evaluating such a Complaint, the factual allegations are assumed to be true.  *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").  In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . .  It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Plaintiff's claim that he was improperly removed from a job and removed from a single cell does not state a constitutional claim.  .  "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution."  *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472, 493 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.  Plaintiff does not have an enforceable right to demand a prison job assignment, nor may he assert a claim regarding his cell assignment absent evidence that his safety is jeopardized by the change.  The Complaint must be dismissed for failure to state a claim upon which relief may be granted.  Under 28 U.S.C. §1915(g) Plaintiff will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." A separate Order follows.

___February 23, 2017_____        _____/s/_____
Date                                              RICHARD D. BENNETT
                                                     UNITED STATES DISTRICT JUDGE